In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-17-00413-CR
_____

**NATHANIEL DANIEL BOB, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Court at Law No. 2**
**Jefferson County, Texas**
**Trial Cause No. 314990**

**MEMORANDUM OPINION**

Nathaniel Daniel Bob appeals his misdemeanor conviction of deadly conduct.

Tex. Penal Code Ann. § 22.05(a), (c) (West 2019). In six issues, Bob argues that the

evidence was legally insufficient to convict him of the offense of deadly conduct,

the trial court erred when it denied his request for instructed verdict, the trial court

erred when it failed to include two lesser included offenses in the jury charge upon

his request, and the trial court erred and violated his constitutional rights under the

Confrontation Clause of the United States Constitution when the court admitted two 911 calls. Appellant asks this court to reverse the trial court's judgment and remand the case for a new trial. We affirm the judgment of the trial court.

## Background

The charge against Bob arose from a dispute between family members. Testimony at trial established that Bob has two adult daughters, A.K. and C.B.[1] C.B. lives on the same street as Bob with two houses between their respective residences. A.K.'s son was at C.B.'s house, then he went to Bob's house. A.K. stated that she received a phone call from her father telling her to come to his house and pick up her son.

According to A.K., the conversation with her father became heated and quickly escalated into an argument. A.K. accused Bob of choosing to side with her stepmother over his daughter in a dispute, and at some point, A.K.'s son was locked out of Bob's house. A.K. admitted that she was angry when she drove to Bob's house to pick up her son.

---

[1] We refer to the victim and her family members with pseudonyms to conceal their identity. *See* Tex. Const. art. I, § 30 (granting crime victims "the right to be treated with fairness and with respect for the victim's dignity and privacy throughout the criminal justice process[.]").

When A.K. arrived at Bob's home, she stopped her vehicle in front of his house. A.K. stated that her father was already in his front yard, and he was angry. Bob then threatened A.K. and told her to "get from in front of his house before he shot [her]." A.K. testified that her father repeated his threat to shoot her, and then "he pulled his gun out and pointed it towards my vehicle." A.K. stated that she was about eight or ten feet away from Bob when he raised his gun and pointed it at her. A.K. immediately moved her vehicle down the street to her sister's house and called the Beaumont Police Department to report her father's actions.

Bob was arrested and charged with misdemeanor deadly conduct. A jury convicted Bob and sentenced him to 365 days in jail and a $2000 fine. He timely appealed his conviction.

### Issues One and Two

In his first and second issues, Bob challenges the sufficiency of the evidence at trial. In his first issue, Bob argues that the State was required to show that his weapon was loaded before he could be convicted for deadly conduct. In his second issue, Bob argues the trial court erred when it denied an instructed verdict because the State failed to show that Bob displayed a loaded weapon when he threatened his daughter. Because we review both issues under the same legal sufficiency standard, we will combine them for our review.

When there is a claim of legal insufficiency, we review the evidence in the light most favorable to the verdict to determine whether any rational factfinder could have found the essential elements of the offense beyond a reasonable doubt. *See Brooks v. State*, 323 S.W.3d 893, 899, 912 (Tex. Crim. App. 2010) (citing *Jackson v. Virginia*, 443 U.S. 307 (1979)) (concluding the *Jackson* standard "is the only standard that a reviewing court should apply" when examining the sufficiency of the evidence); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). In a legal sufficiency review, we examine all evidence in the record, direct and circumstantial, whether it is admissible or inadmissible. *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999) (citations omitted). The jury is the sole judge of the witnesses' credibility and weight to be given to their testimony. *Tate v. State*, 500 S.W.3d 410, 413 (Tex. Crim. App. 2016) (citations omitted). Juries may draw multiple reasonable inferences so long as each inference is supported by the evidence presented at trial. *Id*. (citations omitted). We treat a complaint of a trial court's failure to grant a motion for directed verdict as a challenge to the legal sufficiency of the evidence. *Williams v. State*, 937 S.W.2d 479, 482 (Tex. Crim. App. 1996) (*citing Cook v. State*, 858 S.W.2d 467, 470 (Tex. Crim. App. 1993)); *Andrus v. State*, 495 S.W.3d 300, 304 (Tex. App.—Beaumont 2016, no pet.) (citation omitted).

To sustain a conviction for the misdemeanor offense of deadly conduct, the State has to show that Bob "recklessly engage[d] in conduct that place[d] another in imminent danger of serious bodily injury." Tex. Penal Code. Ann. § 22.05(a). This crime includes knowingly pointing a firearm at an individual regardless if the weapon was loaded. *Id.* § 22.05(c) ("Recklessness and danger are presumed if the actor knowingly pointed a firearm at or in the direction of another whether or not the actor believed the firearm to be loaded.").

The testimony at trial was uncontroverted that Bob pointed a firearm at A.K. A.K. testified that when she arrived at her father's residence, he was in his front yard and after first telling her to leave, Bob pointed a gun at her while she was seated in her vehicle. Bob admits in his brief that he pointed a gun at A.K. but argues that the State failed to prove that the gun was loaded. His daughter testified that she was afraid for her life and immediately drove her vehicle away from her father's home.

In defining "recklessly" as outlined under subsection (a), the statute states that a defendant engages in reckless conduct if he knowingly points a gun at another and explicitly notes that it is immaterial if the actor believed the gun was loaded. *See id.* We hold that that the evidence was legally sufficient to show that Bob recklessly engaged in conduct that placed A.K. in imminent danger of serious bodily injury. In addition, because we hold that the evidence was legally sufficient to convict Bob of

5

deadly conduct, we hold that the trial court did not err when it denied his motion for instructed verdict. We overrule Bob's first and second issues.[2]

## Issues Three and Four

In his third and fourth issues, Bob argues that the trial court erred when it failed to incorporate the lesser included offenses of assault by threat or simple assault in its jury charge. We review a trial court's decision whether or not to include a lesser included offense in the jury charge under a two-step analysis. *State v. Meru*, 414 S.W.3d 159, 162 (Tex. Crim. App. 2013); *see also Bullock v. State*, 509 S.W.3d 921, 924 (Tex. Crim. App. 2016) (citations omitted).

---

[2] Bob cites several cases in his brief that he argues require the State to prove that his gun was loaded or that he believed the gun was loaded to convict him of deadly conduct. We are not persuaded by his argument. The case law Bob relies on does not address the conviction before us today. Bob cites cases that involve assault in all forms, including on a public servant. He has not presented case law to this Court to support his contention that the State was required to prove Bob displayed a loaded firearm to sustain Bob's conviction for misdemeanor deadly conduct. In fact, the legislature provided for a statutory presumption that addresses whether proof of a loaded firearm is required in cases of deadly conduct. "Recklessness and danger are presumed if the actor knowingly pointed a firearm at or in the direction of another whether or not the actor believed the firearm to be loaded." Tex. Penal Code Ann. § 22.05(c) (West 2019). "The jury, in all cases, is the exclusive judge of the facts proved, and of the weight to be given to the testimony, except where it is provided by law that proof of any particular fact is to be taken as either conclusive or presumptive proof of the existence of another fact, or where the law directs that a certain degree of weight is to be attached to a certain species of evidence." *Brown v. State*, 122 S.W.3d 794, 799 n.17 (Tex. Crim. App. 2003) (holding that a jury may be instructed of a statutory presumption and that a statutory presumption includes 22.05(c)).

In conducting this analysis, we ask whether the elements of the lesser-included offense are included within the proof necessary to establish the elements of the charged offense and whether there is evidence in the record that could allow a jury to find the defendant guilty of only the lesser-included offense. *See Meru*, 414 S.W.3d at 162–63. "An offense is a lesser included offense if [] it is established by proof of the same or less than all the facts required to establish the commission of the offense charged[.]" Tex. Code Crim. Proc. Ann. art. 37.09(1) (West 2016). "Both statutory elements and any descriptive averments [i.e., manner and means,] alleged in the indictment for the greater-inclusive offense should be compared to the statutory elements of the lesser offense." *Ex parte Watson*, 306 S.W.3d 259, 273 (Tex. Crim. App. 2009). Expressed another way, when evaluating whether a defendant is entitled to a lesser included offense in the jury charge, we compare the elements of the greater offense, as pleaded by the State in the indictment, with the statutory elements defining the lesser offense. *See Hall v. State*, 225 S.W.3d 524, 525 (Tex. Crim. App. 2007). Because the first step in the analysis is a question of law, we conduct a *de novo* review. *Palmer v. State*, 471 S.W.3d 569, 570 (Tex. App.—Houston [1st Dist.] 2015, no pet.) (citing *Hall*, 225 S.W.3d at 535).

The second step requires that we determine whether there is evidence to support giving the instruction to the jury. *Hall*, 225 S.W.3d at 536. "The evidence

must establish that the lesser-included offense is a valid, rational alternative to the charged offense." *Bullock*, 509 S.W.3d at 925 (citing *Rice v. State*, 333 S.W.3d 140, 145 (Tex. Crim. App. 2011)). In the second step of the analysis, we review the trial court's decision for an abuse of discretion. *Palmer*, 471 S.W.3d at 570.

Bob argues that the trial court should have included, as a lesser included offense in his jury charge, instructions on "simple assault" and "assault by threat." Our first step in determining if the trial court erred is to review the elements of simple assault and assault by threat and determine if the crime can be established by elements pleaded in the information for deadly conduct.

Assault by threat occurs when a person "intentionally or knowingly threatens another with imminent bodily injury[.]" Tex. Penal Code Ann. § 22.01(a)(2) (West 2019).

> We first determine as a matter of law whether the indictment for the greater inclusive offense either alleged all of the elements of the lesser included offense or alleged elements plus facts (including descriptive averments) from which all of the elements of the lesser included offense may be deduced. This analysis does not depend on evidence presented at trial.

*Bridges v. State*, 389 S.W.3d 508, 511 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (internal citations omitted). The information states that "Nathaniel Daniel Bob . . . on or about April 10, 2017, did then and there recklessly engage in conduct that placed [A.K.] . . . in imminent danger of serious bodily injury, namely, by

8

pointing a firearm at or in the direction of the Complainant[.]" Deadly conduct as defined by section 22.05 does not require that the actor "threaten" the complainant. *See* Tex. Penal Code Ann. § 22.05(a). Assault by threat is not a lesser included offense of deadly conduct in this instance because the necessary element of a threat is not found in the elements of deadly conduct. Bob has failed to establish step one of the two prong analysis establishing assault by threat as a lesser included charge to deadly conduct.

Bob also argues that the trial court erred when it did not include simple assault as a lesser included charge on the jury charge. In reviewing assault as defined by 22.01 subsection (a)(1) "[a] person commits an offense if the person: (1) intentionally, knowingly, or recklessly causes bodily injury to another . . . [.]" Tex. Penal Code Ann. § 22.01(a)(1) (West 2019). This crime cannot be viewed as a lesser included offense to the charged offense because the facts of this case do not show that A.K. suffered any bodily injury. The trial court thus did not err when it denied Bob's request to include simple assault in the jury charge. We overrule Bob's third and fourth issues.

### Issue Five

In his fifth issue, Bob argues that the trial court violated his rights under the Confrontation Clause of the United States Constitution and the Texas Constitution.

9

*See* U.S. CONST. amend. VI; Tex. Const. art. I, § 10. Bob failed to identify any specific testimony or exhibit that he challenges on appeal. Our review of the record shows that the only place Bob objected during trial on the basis of the Confrontation Clause was during the State's attempt to admit two 911 recordings. In his analysis, Bob cites to the United States Supreme Court case *Crawford v. Washington*. 541 U.S. 36 (2004). *Crawford* addressed the admissibility of a recorded statement by the defendant's wife. *Id.* at 40. Thus, we will construe his brief to include his only objection at trial addressing the Confrontation Clause to the 911 recordings. *See* Tex. R. App. P. 38.9 (requiring appellate courts to construe briefs liberally). The trial record shows that Bob initially objected to the admission of the 911 recording as a violation of the Confrontation Clause. After a discussion of the admissibility of the recording, the trial court asked trial counsel if his objection was really to the "authentication" of the 911 calls, to which trial counsel agreed.

We must first address whether Bob properly preserved these complaints for appellate review. Preservation of error is systemic, and a court of appeals must address the issue, even when it is not raised by the parties. *Bekendam v. State*, 441 S.W.3d 295, 299 (Tex. Crim. App. 2014). To preserve a complaint for appeal, a party must make a timely, specific objection to the alleged error and obtain a ruling. Tex. R. App. P. 33.1(a); *Pena v. State*, 285 S.W.3d 459, 463–64 (Tex. Crim. App. 2009).

10

A party must "'let the trial judge know what he wants, why he thinks he is entitled to it, and to do so clearly enough for the judge to understand him at a time when the judge is in the proper position to do something about it.'" *Pena*, 285 S.W.3d at 464 (quoting *Lankston v. State*, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992)). The complaint on appeal must comport with the complaint made at trial. *Id*. Even potential constitutional violations are not immune from waiver if the party does not object at trial. *Briggs v. State*, 789 S.W.2d 918, 924 (Tex. Crim. App. 1990) (citations omitted).

Although Bob at first objected to the admission of the 911 calls under the Confrontation Clause, when the trial court clarified his objection as an authentication issue under the rules of evidence, defense counsel agreed.

> [Defense Counsel]: Well, I would reply that it's – if she wasn't a participant in the conversation, it was hearsay; about –
>
> [The Court]: But this is business record exception; okay?
>
> [Defense Counsel]: But you – you have to have somebody identify the voices, I would reply; and if she wasn't a participant, I don't see how she would be able to identify the voices. And if she's not able to identify the voices, then I don't think the exception applies, because it goes to the [C]onfrontation [C]lause of the United States Constitution; and that would be constitutionally – if she doesn't – if she can't – if she wasn't a participant – it's not a written record. . . .
>
> . . . .

11

[The State]: It's not offered for the truth of the matter asserted…[.] There is no issue of *Crawford* within the case, Judge; because the person who we expect who also made the 911 call, that person is going to testify here in court; but in respective (sic) of that, *Crawford* is not implicated because of the very nature of the exception.

[Defense Counsel]: But if – if it's not offered for the truth of the matter, then why is it being offered? I mean . . . I would question that.

[The Court]: Okay. Actually your objection is going through authentication of the –

[Defense Counsel]: It is.

"When a defendant's objection encompasses complaints under both the Texas Rules of Evidence and the Confrontation Clause, the objection is not sufficiently specific to preserve error." *Reyna v. State*, 168 S.W.3d 173, 179 (Tex. Crim. App. 2005) (internal citations omitted). "An objection on hearsay does not preserve error on Confrontation Clause grounds." *Id.* (internal citations omitted).

It is well established that, in order to preserve an issue for appeal, a timely objection must be made that states the specific ground of objection, if the specific ground was not apparent from the context. A general or imprecise objection may be sufficient to preserve error for appeal, but only if the legal basis for the objection is *obvious* to the court and to opposing counsel. When the objection is not specific, and the legal basis is *not* obvious, it does not serve the purpose of the contemporaneous-objection rule for an appellate court to reach the merits of a forfeitable issue that is essentially raised for the first time on appeal.

*Buchanan v. State*, 207 S.W.3d 772, 775 (Tex. Crim. App. 2006) (internal citations omitted). Because an objection preserves only the specific grounds expressly cited

12

or clearly understood among the parties, "[w]hether a party's particular complaint is preserved depends on whether the complaint on appeal comports with the complaint made at trial." *Pena*, 285 S.W.3d at 464; *see also Schultze v. State*, 177 S.W.3d 26, 38 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd) (citation omitted) (noting that "an objection stating one legal basis may not be used to support a different legal theory on appeal"). Ultimately, Bob's objections at trial differed from the constitutional challenge in his appellate brief and he has failed to preserve his constitutional challenge for our review. *See Montoya v. State*, 43 S.W.3d 568, 571 (Tex. App.—Waco 2001, no pet.) (holding that a defendant failed to preserve constitutional error regarding a 911 tape because "[h]is objection at trial only involved the authenticity of the 911 tape and not the constitutional assertions"); *see also* Tex. R. App. 33.1. Thus, we overrule Bob's fifth issue.

### Issue Six

In his final issue, Bob argues the trial court erred when it allowed the State to introduce "a certain audiotape, despite the failure of the State to authenticate the audiotapes." Again, Bob does not identify which audiotapes he is referencing in his brief, but our review of the record shows that a 911 recording was the only audio recording offered and admitted into evidence by the State.

13

We review the trial court's decision to admit evidence under an abuse of discretion standard. *Tienda v. State*, 358 S.W.3d 633, 638 (Tex. Crim. App. 2012) (citation omitted). We review a preliminary question regarding whether an exhibit offered to be admitted as evidence is authentic by examining "whether the proponent of the evidence has supplied facts that are sufficient to support a reasonable jury determination that the evidence he has proffered is authentic." *Id*. We review the admission of recorded 911 calls under Texas Rule of evidence 901. *Montoya*, 43 S.W.3d at 570. Authentication under Rule 901 requires testimony that (1) the call was made to the number assigned at the time; (2) the call was made to a business and; (3) the call related to business reasonably transacted over the telephone. Tex. R. Evid. 901(b)(6)(B).

Carolyn Lewis testified at trial that she is the custodian of records for the City of Beaumont's 911 call center. Lewis stated that the 911 call center received a phone call on April 10th at 8:00 p.m. She confirmed that the recording system was "functional, operational" on April 10th, and that the call was maintained in the "normal course of business for the 911 call center[.]" The testimony provided by Lewis was sufficient to establish the burden of authentication placed on the audio

recording by rule 901 and the trial court did not abuse its discretion when it admitted the call.[3] We overrule Bob's sixth issue.[4]

## Conclusion

Having overruled all of Bob's issues, we affirm the judgment of the trial court.

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on February 13, 2019
Opinion Delivered June 26, 2019
Do Not Publish

Before Kreger, Horton and Johnson, JJ.

---

[3] We note that the State argued that the 911 recordings qualified for a hearsay exception under rule 902, the business record exception. Tex. R. Evid. 902(10). While the business record exception requires an affidavit, the State used the live testimony of Lewis to authenticate the 911 call as allowed by rule 901(b)(6).

[4] Bob argues that because the trial court failed to authenticate the audiotapes, "error has been committed and [the] error [is] of such a magnitude as to warrant a reversal of these proceedings and a remand of this case[.]" "[A]ny error in admitting the evidence was harmless in light of other properly admitted evidence proving the same fact." *Brooks v. State*, 990 S.W.2d 278, 287 (Tex. Crim. App. 1999). A.K. testified at trial about her confrontation with Bob. Even if the trial court erred by admitting the 911 recording, examining the record as a whole, any error was harmless, and did not influence the jury. *See Gonzalez v. State*, 544 S.W.3d 363, 373 (Tex. Crim. App. 2018).