**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-18-00271-CR**
_____

**ROCKY SHANE LAFLEUR, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 252nd District Court**
**Jefferson County, Texas**
**Trial Cause No. 17-27648**

**MEMORANDUM OPINION**

A Jefferson County grand jury indicted Rocky Shane LaFleur for the offense

of aggravated sexual assault of a child, a first-degree felony, alleging LaFleur

penetrated the mouth of his daughter, A.B., with his sexual organ.[1] *See* Tex. Penal

---

[1] To protect the privacy of the victim, we refer to her by a pseudonym and will refer to family members by their relation to victim. *See* Tex. Const. art. I, § 30(a)(1) (granting victims of crime "the right to be treated with fairness and with respect for the victim's dignity and privacy throughout the criminal justice process[.]")

1

Code Ann. § 22.021(a)(1)(B)(ii) (West 2019). LaFleur pleaded not guilty. A jury tried and convicted LaFleur, but he elected for the trial court to assess punishment.[2] The trial court sentenced him to forty years in the Texas Department of Criminal Justice Institutional Division. LaFleur complains on appeal that the trial court committed error by admitting hearsay testimony from a non-outcry witness and in denying his request for a jury instruction on the lesser-included offense of indecency with a child by exposure.[3] We affirm the trial court's judgment.

## I. Background

In January 2017, when A.B. was five years old, she and her brother spent the night at LaFleur's house. The next day, following her brother's birthday celebration, A.B. stayed with her grandmother. After A.B.'s bath, she informed Grandmother she had a secret about LaFleur and his "privates." A.B. made an outcry to Grandmother about a sexual assault that occurred the night before, which LaFleur made A.B. promise to keep secret. Grandmother immediately notified her daughter, A.B.'s

---

[2] The grand jury also charged LaFleur with an additional count of aggravated sexual assault of a child and specifically alleged that he penetrated A.B.'s sexual organ with his sexual organ. The cases were tried together, and the jury found LaFleur not guilty on the other count. It is not a part of this appeal.

[3] LaFleur's appellate brief does not specify whether he complains on appeal about exclusion of the lesser-included offense of indecency with a child by contact or indecency by exposure; however, the record establishes that at trial, he requested the incorporation of indecency with a child by exposure.

mother, then she notified the authorities. That same night, Mother and Grandmother took A.B. to the Beaumont Police Department to file a report and make a statement. Directly after making the report, they took A.B. to a sexual assault nurse examiner ("SANE"), where the SANE nurse conducted a forensic nursing exam. Later, a forensic interviewer at a local child advocacy center questioned A.B. about the assault.

As the investigation progressed, officers interviewed LaFleur, who signed a voluntary waiver of his rights. During a recorded video interview with investigators, LaFleur admitted to penetrating A.B.'s mouth with his sexual organ.

During the trial, A.B. testified about the assault, as did her Grandmother regarding the outcry. Mother, the SANE, and the forensic interviewer also testified. A former roommate of LaFleur's testified that LaFleur admitted to her that he committed the assault. Finally, LaFleur testified during the trial and sought to recant his earlier confession to investigators by denying that he penetrated his daughter's mouth with his sexual organ. He explained that she walked in on him masturbating in the bathroom, and he asked her if she "want[ed] to kiss it[.]" He further argued in his trial testimony that investigators intimidated him, and he would have said anything to get out of the room.

The parties agreed to incorporate the lesser-included offense of attempted aggravated sexual assault of a child into the charge, but the trial court denied LaFleur's request to add the lesser-included offense of indecency with a child by exposure. The jury found LaFleur guilty of aggravated sexual assault of a child.

## II. Analysis

### A. Issues One and Two: Admission of Hearsay Testimony

In his first and second issues, LaFleur argues the trial court erred in admitting the hearsay testimony from a non-outcry witness, Elizabeth Turner, the forensic interviewer, in violation of Texas Code of Criminal Procedure article 38.072 and that the State used the testimony to improperly bolster the credibility of the complaining witness. *See* Tex. Code Crim. Proc. Ann. art. 38.072 (West Supp. 2018) (describing the qualifications for an outcry witness and the admissibility of their testimony). The parties agree the first adult A.B. told about the abuse was Grandmother, and therefore Grandmother is the proper outcry witness. *See id.* Turner conducted a forensic interview of A.B. following the child's outcry and notification of law enforcement. The defense lodged a hearsay objection at the outset

of Grandmother's testimony and again, shortly after Turner's testimony began, but did not request a running objection.[4] The trial court overruled both objections.

We review the admission of evidence under an abuse of discretion standard. *See Bingham v. State*, 987 S.W.2d 54, 57 (Tex. Crim. App. 1999) (citations omitted). If we determine the trial court erred in failing to sustain an objection to the hearsay testimony, we must determine whether the error caused harm. *See* Tex. R. App. P. 44.2; *Broderick v. State*, 35 S.W.3d 67, 74 (Tex. App.—Texarkana 2000, pet. ref'd). Because the admission of inadmissible hearsay is non-constitutional error, we consider it harmless if, after examining the record as a whole, we are reasonably assured the error did not influence the jury or had but slight effect. *See Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998) (citations omitted). Likewise, "inadmissible evidence can be rendered harmless if other evidence at trial is admitted without objection and it proves the same fact that the inadmissible evidence sought to prove." *Mayes v. State*, 816 S.W.2d 79, 88 (Tex. Crim. App. 1991) (citations omitted); *Anderson v. State*, 717 S.W.2d 622, 628 (Tex. Crim. App. 1986) (citations omitted).

---

[4] The defense did not request a hearing outside the jury's presence regarding the qualifications of Grandmother as an outcry witness.

Grandmother testified that A.B. told her LaFleur put his "middle part"[5] in her "tutu."[6,7] Grandmother immediately reported the incident to the child's mother and the police, but she did not ask A.B. probing questions. Because the parties concede Grandmother was the proper outcry witness, we conclude the trial court did not abuse its discretion in overruling LaFleur's objection to her testimony about what A.B. told her about the alleged abuse. *See* Tex. Code Crim. Proc. Ann. art. 38.072; *Bingham*, 987 S.W.2d at 57.

LaFleur complains the trial court improperly admitted Turner's testimony over his hearsay objection which, he complains improperly bolstered the credibility of the child. Hearsay is an out-of-court statement made by the declarant that "a party offers in evidence to prove the truth of the matter asserted in the statement." Tex. R. Evid. 801(d)(2). The defense essentially argues the State used the testimony of Turner to enter hearsay statements of A.B., as the declarant. *See* Tex. R. Evid. 801(b) (defining "declarant"). Our review of the record reveals that Turner's testimony did not include inadmissible hearsay statements of A.B. Turner did not offer testimony regarding any of A.B.'s statements, rather she described the forensic interview

---

[5] This was the terminology A.B. used to describe LaFleur's sexual organ.

[6] This was the terminology A.B. used to describe her own sexual organ.

[7] This evidence went to the other count of aggravated sexual assault against LaFleur tried at the same time.

process. Turner also described A.B.'s demeanor and how her demeanor changed during the interview once they began discussing the assault. Turner testified that A.B. provided age appropriate and sensory details of the incident, but she could not provide a good timeline at five years old. Because Turner did not offer testimony regarding A.B.'s statements for the truth of the matters asserted, her testimony did not constitute hearsay. *See* Tex. R. Evid. 801(d).

Even if we agreed that the trial court erred in admitting the testimony of either of these witnesses, based on the record as a whole, we conclude it was harmless as details of the alleged assault came in through other witnesses and evidence. *See Johnson*, 967 S.W.2d at 417; *Mayes*, 816 S.W.2d at 88. Specifically, A.B. testified at trial that LaFleur put his "middle part" in her mouth for a very long time and told her "to keep it a secret." A witness who lived briefly with LaFleur, Cristen Johnson, also testified at trial that LaFleur admitted to her that he penetrated A.B. orally and vaginally. Finally, LaFleur admitted in a video recorded interview with police that he penetrated A.B.'s mouth with his sexual organ, and the State played the video recording for the jury.[8] Even if we assume the trial court erred in admitting the testimony of Grandmother or Turner, such error was harmless because like

---

[8] During his testimony at trial, LaFleur sought to recant his confession by telling the jury he was afraid and would have said anything to get out of the interview room.

information was admitted through multiple other witnesses without objection. *Johnson*, 967 S.W.2d at 417; *Mayes*, 816 S.W.2d at 88. We overrule issues one and two.

**B. Issue Three: Jury Charge**

In his second issue, LaFleur contends the trial court erred by refusing his request for the lesser-included offense of indecency with a child. *See generally* Tex. Penal Code Ann. § 21.11 (West 2019). At trial, LaFleur requested that the court add the lesser-included offense of indecency with a child by exposure into the jury charge. *See id.* § 21.11(a)(2). The trial court denied the request, reasoning there was no evidence of the intent to gratify or arouse. LaFleur contends on appeal that the elements of the offense and the evidence adduced at trial warranted inclusion of the offense.

In 2007, Texas adopted the cognate-pleadings approach in *Hall v. State* as the sole test for determining whether a party is entitled to a lesser-included offense instruction. 225 S.W.3d 524, 535 (Tex. Crim. App. 2007). This involves the application of a two-step analysis. *State v. Meru*, 414 S.W.3d 159, 162 (Tex. Crim. App. 2013); *Hall*, 225 S.W.3d at 535. In conducting this analysis, we ask whether: (1) the elements of the lesser-included offense are included within the proof necessary to establish the elements of the charged offense; and (2) whether there is

8

evidence in the record that could allow a jury to find the defendant guilty of only the lesser-included offense. *See Meru*, 414 S.W.3d at 162–63; *Cavazos v. State*, 382 S.W.3d 377, 382 (Tex. Crim. App. 2012).

In the first step, we compare the elements of the offense, as charged in the indictment, with the elements of the lesser-included offense. *Meru*, 414 S.W.3d at 162; *Hall*, 225 S.W.3d at 535–36. In the second step, there must be some evidence in the record that would allow the jury to rationally find that if guilty, the defendant is only guilty of the lesser-included offense. *Bullock v. State*, 509 S.W.3d. 921, 925 (Tex. Crim. App. 2016) (citation omitted). The first prong of the test is a question of law and reviewed de novo. *Palmer v. State*, 471 S.W.3d 569, 570 (Tex. App.—Houston [1st Dist.] 2015, no pet.) (citing *Hall*, 225 S.W.3d at 535). The second prong requires us to examine all the evidence at trial from the State and defendant. *Bullock*, 509 S.W.3d at 925 (citation omitted). We consider the entire record and do not examine a defendant's statements in a vacuum. *Id.* (citation omitted). The threshold is low, we do not consider the credibility of the evidence, and anything more than a scintilla of evidence is adequate to entitle a defendant to a lesser charge. *Id.* (citations omitted).

"An offense is a lesser-included offense if [ ] it is established by proof of the same or less than all the facts required to establish the commission of the offense

charged[.]" Tex. Code Crim. Proc. Ann. art. 37.09(1) (West 2006). "Both statutory elements and any descriptive averments [i.e., manner and means,] alleged in the indictment for the greater-inclusive offense should be compared to the statutory elements of the lesser offense." *Ex parte Watson*, 306 S.W.3d 259, 273 (Tex. Crim. App. 2009). Said another way, when evaluating whether a defendant is entitled to a lesser-included offense in the jury charge, our determination should be made by comparing the elements of the greater offense, as pleaded by the State in the indictment, with the statutory elements defining the lesser offense. *Hall*, 225 S.W.3d at 535. "The cognate-pleadings test allows a court to look to non-statutory elements only for the charged offense; lesser offenses are examined only for their statutory elements." *Fraser v. State*, No. PD-0711-17, 2019 WL 4308659, at *4 (Tex. Crim. App. Sep. 11, 2019) (citing *Ex parte Castillo*, 469 S.W.3d 165, 169 (Tex. Crim. App. 2015)).

When reviewing allegations of charge error, we first determine if the trial court erred. *See Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005) (citation omitted). If we find error in the charge, we then determine if it resulted in sufficient harm to require reversal. *See id.* at 744. Under *Almanza*, jury charge error requires reversal when, as here, the defendant objects to the charge and we find "some harm"

10

to his rights.[9] 686 S.W.2d 157, 171 (Tex. Crim. App. 1984); *see also Ngo*, 175 S.W.3d at 743. If a reviewing court determines the trial court erred in denying an instruction on a lesser-included offense, it must then conduct a harm analysis under *Almanza. See, e.g., Sweed v. State*, 351 S.W.3d 63, 69 (Tex. Crim. App. 2011) (concluding evidence presented at trial warranted a jury instruction on a lesser-included offense, reversing and remanding to the court of appeals for a harm analysis).

A person commits aggravated sexual assault of a child under the age of fourteen, if the person intentionally or knowingly: (1) causes the penetration of the mouth of a child by the sexual organ of the actor or (2) causes the mouth of a child to contact the sexual organ of another person, including the actor. Tex. Penal Code Ann. § 22.021(a)(1)(B)(ii), (v). A person commits the offense of indecency with a child by exposure if the person, with intent to arouse or gratify the sexual desire of any person, exposes the person's genitals knowing the child is present. Tex. Penal Code Ann. § 21.11(a)(2)(A).

---

[9] Conversely, if a defendant fails to object to the charge, the court will only reverse if the defendant suffered egregious harm. *See Ngo v. State*, 175 S.W.3d 738, 742–43 (Tex. Crim. App. 2005) (citing *Bluitt v. State*, 137 S.W.3d 51, 53 (Tex. Crim. App. 2004); *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985)).

When the State uses one act to prove both offenses, courts have held indecency with a child to be a lesser-included offense of aggravated sexual assault. *See, e.g., Evans v. State*, 299 S.W.3d 138, 143 (Tex. Crim. App. 2009); *Ochoa v. State*, 982 S.W.2d 904, 908 (Tex. Crim. App. 1998). In contrast, when the evidence supporting an indecency charge is distinct from that supporting the charge of aggravated sexual assault, the indecency charge will not be a lesser-included offense of the aggravated sexual assault, and both could be prosecuted without violating the double-jeopardy clause. *See, e.g., Bottenfield v. State*, 77 S.W.3d 349, 358 (Tex. App.—Fort Worth 2002, pet. ref'd) (explaining that evidence showed appellant touched the victim inappropriately in two separate manners, supporting convictions for both aggravated sexual assault and indecency). When examining the elements as charged in the indictment, the State alleges that LaFleur intentionally or knowingly penetrated A.B.'s mouth with his sexual organ, which constitutes a single act of aggravated sexual assault of a child. *See* Tex. Penal Code Ann. § 22.021(a)(1)(B)(i), (v).

Assuming without deciding that the charge should have contained indecency with a child by exposure as a lesser-included offense, we turn to the harm analysis. In making this determination under *Almanza*, we look to the record as a whole, including: (1) the entire charge; (2) the state of the evidence, including contested

12

issues and weight of the probative evidence; (3) the arguments of counsel; and (4) other relevant information revealed by the trial as a whole. *See Vasquez v. State*, 389 S.W.3d 361, 368–69 (Tex. Crim. App. 2012) (citation omitted). "'[T]he presence of overwhelming evidence of guilt plays a determinative role in resolving the issue' and may be considered when assessing jury-charge error." *Sanchez v. State*, 376 S.W.3d 767, 775 (Tex. Crim. App. 2012) (quoting *Harris v. State*, 790 S.W.2d 568, 587 (Tex. Crim. App. 1989)). We must examine relevant portions of the entire record to determine whether appellant suffered actual harm as opposed to theoretical harm as a result of the error. *See Marshall v. State*, 479 S.W.3d 840, 843 (Tex. Crim. App. 2016).

The charge instructed the jury that it could only find appellant guilty of aggravated sexual assault of a child in the manner alleged in the indictment if it did so beyond a reasonable doubt. Additionally, the court's charge gave the jury the option of convicting LaFleur of the lesser-included offense of attempted aggravated sexual assault of a child, which the jury rejected. The defense focused the jury's attention repeatedly on the State having the burden of proof beyond a reasonable doubt and credibility as being a critical issue. Considering the third *Almanza* factor, the State argued during closing that the jury had the sole responsibility to weigh the credibility of the witnesses. The State also pointed out the jury's option to convict

13

only for attempted aggravated sexual assault of a child, which the jury ultimately rejected. The State emphasized LaFleur's admission on the video that he penetrated his daughter's mouth and the testimony of Johnson revealing LaFleur confessed that to her.

We also look to the state of the evidence, which overwhelmingly pointed to LaFleur's guilt. At trial, A.B. testified that LaFleur put his "middle part" in her mouth. Johnson testified that LaFleur admitted to her that he assaulted A.B. by penetrating her mouth with his sexual organ. The State played recordings of jailhouse conversations LaFleur had with his sister, in which he acknowledged his confession and in which he expressed concern about his son learning of his actions. Finally, and most importantly, LaFleur admitted to the charge that he penetrated A.B.'s mouth with his sexual organ during a recorded video interview with investigators. During trial, LaFleur sought to recant his earlier admission and contended that officers intimidated him during the interview. Even so, he testified at trial that he apologized to A.B. and told her he "would never try to do anything like that with her ever again." The State played the video confession for the jury, and jurors obviously rejected his trial testimony contradicting his admission. On the record before us, we conclude that any error in the trial court's refusal to include the lesser-included offense of indecency with a child by exposure did not result in actual

14

harm. *See Marshall*, 479 S.W.3d at 843; *Sanchez*, 376 S.W.3d at 775. We overrule LaFleur's third issue.

### III. Conclusion

We conclude that even if the trial court erred in admitting hearsay testimony, the error was harmless. We further conclude that any error in the trial court's refusal to add the lesser-included offense of indecency with a child by exposure was harmless.

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on September 16, 2019
Opinion Delivered October 9, 2019
Do Not Publish

Before McKeithen, C.J., Kreger and Horton, JJ.