**Opinion issued July 28, 2015**



In The

# Court of Appeals

For The

# First District of Texas

————————————

**NO. 01-14-00605-CR**

————————————

**ANDRETRELL PALMER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 183rd District Court**
**Harris County, Texas**
**Trial Court Case No. 1402466**

---

## O P I N I O N

Andretrell Palmer appeals his conviction for theft of copper.[1] In one issue,

he contends that the trial court erred by not including in the jury charge an

---

[1]     TEX. PENAL CODE ANN. § 31.03(a), (e)(4)(F)(iii) (West 2011).

instruction permitting the jury to find Palmer guilty of attempted theft only. We affirm.

## Background

The Houston Police Department assigned Officer R. A. Arriaga to surveil a parking lot in downtown Houston in response to a series of thefts in the area. He noticed a man reach into a pickup truck parked in the lot and remove a cardboard box. He later identified the man as Palmer. Officer Arriaga saw Palmer take the box, walk away from the truck, and sit down near the edge of the lot. Officer Arriaga then radioed for backup officers.

Officer W. A. Montgomery responded to Officer Arriaga's radio call. Officer Montgomery arrested Palmer, who was still sitting down with the box. Officer Montgomery discovered that the box contained copper fittings.

The truck belonged to Robert Reynolds, who was working on the plumbing and air conditioning of a nearby office building. He had temporarily left several items related to this project in the back of his pickup truck, including a box of copper fittings. He identified the box recovered from Palmer as the same box of fittings that he had left in his truck.

At trial, Palmer requested that a jury-charge instruction on attempted theft[2] as a lesser-included offense of theft. The trial court denied the request, and the jury convicted Palmer of theft. Palmer timely appealed.

**Attempted-Theft Instruction**

Palmer contends that the jury charge should have included an instruction on attempted theft.

**A.    Standard of review**

"In determining if the jury should be charged on a lesser offense, this Court applies a two-step analysis." *Segundo v. State*, 270 S.W.3d 79, 90 (Tex. Crim. App. 2008). "First, we decide if the offense is a lesser-included offense of the charged offense . . . ." *Id.* This "is a question of law" and the standard of review is de novo. *Hall v. State*, 225 S.W.3d 524, 535 (Tex. Crim. App. 2007).

"The second prong of the test then requires an evaluation to determine whether some evidence exists that would permit a jury to rationally find that, if the defendant is guilty, he is guilty only of the lesser offense." *McKinney v. State*, 207 S.W.3d 366, 370 (Tex. Crim. App. 2006). "We review the trial court's decision regarding including a lesser-included offense in the jury charge for abuse of discretion." *Brock v. State*, 295 S.W.3d 45, 49 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd). "In making this determination, this Court should review all of the

---

[2]    TEX. PENAL CODE ANN. § 15.01 (West Supp. 2014).

3

evidence presented at trial." *Bignall v. State*, 887 S.W.2d 21, 23 (Tex. Crim. App. 1994). "Anything more than a scintilla of evidence" that the defendant is guilty of the lesser-included offense but not guilty of the charged offense "is sufficient to entitle a defendant to a lesser charge." *Id.*; *see Segundo*, 270 S.W.3d 90–91.

## B.     Attempted theft is a lesser-included offense of theft

Palmer's requested instruction passes the first prong of the test because attempted theft is a lesser-included offense of theft. *See* TEX. CRIM. PROC. CODE ANN. art. 37.09(4) (West 2006). For the second prong, Palmer contends that there is evidence that he attempted but failed to *appropriate* the box of copper parts. Appropriation is an element of theft. TEX. PENAL CODE ANN. § 31.03 (West 2011). The Penal Code provides the following definition:

> (4)     "Appropriate" means:
>
> (A)     to bring about a transfer or purported transfer of title to or other nonpossessory interest in property, whether to the actor or another; or
>
> (B)     to acquire or otherwise exercise control over property other than real property.

*Id.* § 31.01(4) (West Supp. 2014).

Palmer asserts that the following evidence provides more than a scintilla of evidence that he attempted but failed to appropriate the box: "[Palmer] did not carry off the box of fittings to another location. He took the box and sat down no more than 10 to 15 feet away from Reynold's truck. [Palmer] did not handle the

contents of the box. He made no attempt to evade [the police]." In addition, "[w]hen the backup officer arrested [Palmer], he was calmly seated on the ground about a foot away from the box of fittings." Further, "Reynold's property was returned to him." Accordingly, Palmer asserts that "there is some evidence to suggest that [Palmer] did not 'appropriate' the copper fittings in the sense of 'depriving the owner permanently or for a substantial period of time.'"

These facts provide no evidence that Palmer tried but failed to appropriate the box. Any "exercise [of] control over property other than real property" is an appropriation regardless of the duration of that control. *See id.*; *see also Patterson v. State*, No. 09-12-00576-CR, 2014 WL 1778373, at *4 (Tex. App.—Beaumont Apr. 30, 2014, pet. ref'd) (mem. op., not designated for publication) (defendant on trial for theft of copper wire was not entitled to attempted-theft instruction because "[w]hen Officer Bray saw Patterson with the roll of wire in his hand, Patterson was exercising control over it."); *Hicks v. State*, No. 12-13-00158-CR, 2014 WL 1922619, at *3 (Tex. App.—Tyler May 14, 2014, no pet.) (mem. op., not designated for publication) (holding that defendant who stole jewelry from store but did not leave store was not entitled to attempted-theft instruction because "the act of carrying away or removing property is not an element of statutory theft."); *Ragan v. State*, No. 12-13-00183-CR, 2013 WL 6797734, at *3 (Tex. App.—Tyler Dec. 20, 2013, no pet.) (mem. op., not designated for publication) ("When

Appellant and his codefendant disconnected the transformers, they exercised control over the property, which is consistent with the penal code's definition for 'appropriate.' There is no evidence that if Appellant was guilty, he was guilty only of 'attempted theft.'"); *Cantrell v. State*, No. 05-92-01220-CR, 1994 WL 24386, at *2 (Tex. App.—Dallas Jan. 31, 1994, no pet.) (mem. op., not designated for publication) ("[T]o have the issue of attempted theft submitted to the jury, the evidence must show that appellant intended to take the necklace, but failed. . . . Although appellant argues that he never had full possession of the necklace, a temporary deprivation with the requisite intent to permanently deprive sufficiently establishes the crime of theft."); *Malone v. State*, No. 05-05-01159-CR, 2006 WL 1727727, at *2 (Tex. App.—Dallas June 26, 2006, pet. ref'd) (mem. op., not designated for publication) (holding that defendant was not entitled to attempted-theft instruction because he "had hooked the trailer to his van and had moved the trailer, although only slightly.").

Palmer exercised control over the box when he removed the box from the pickup truck. Although he was quickly arrested, his brief exercise of control was an appropriation. Thus, there is no evidence that Palmer attempted the theft of, but failed to appropriate, the box.

**Conclusion**

The trial court did not abuse its discretion by refusing to include an instruction on the lesser-included offense of attempted theft because there is no evidence that, if Palmer is guilty, he is only guilty of attempted theft. Accordingly, we overrule his single issue on appeal and affirm the judgment of the trial court.

Harvey Brown
Justice

Panel consists of Chief Justice Radack and Justices Brown and Lloyd.

Publish. TEX. R. APP. P. 47.2(b).