**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-19-00204-CR**
_____

**SEAN ERICH KELLER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 221st District Court
Montgomery County, Texas
Trial Cause No. 18-06-08303-CR

**MEMORANDUM OPINION**

Sean Erich Keller appeals his conviction for Evading Arrest or Detention with a Vehicle, enhanced to a third-degree felony. *See* Tex. Penal Code Ann. § 38.04(b)(1). In two issues, Keller argues that the trial court erred when it refused to include requested instructions on two lesser-included offenses in the jury charge. Keller also argues he received ineffective assistance of counsel at trial because his

1

attorney failed to properly designate an expert witness, resulting in the trial court refusing to allow the expert to testify on Keller's behalf. We affirm.

## Background

As Keller does not challenge the sufficiency of the evidence, we limit our recitation of the facts to only those necessary to address the issues before the Court. In September 2018, a grand jury indicted Keller following a June 2018 arrest after he "intentionally fle[d]" from individuals "the defendant knew [were] [] police officer[s] attempting lawfully to arrest or detain the defendant, and the defendant used a vehicle while the defendant was in flight[.]" The indictment further reads that Keller used or exhibited a deadly weapon during the commission of the primary offense, "to wit: a motor vehicle."

During the guilt/innocent phase of a jury trial, Keller attempted to call an expert witness to testify on his behalf, but the trial court refused to allow the testimony because the witness was not disclosed to the State during pretrial discovery. Thereafter, at the charge conference, Keller requested the trial court include instructions for two lesser-included offenses in the jury charge, "fleeing or attempting to evade a police officer" and "reckless driving." The trial court denied the requested instructions.

The jury convicted Keller of Evading Arrest or Detention with a motor vehicle. The jury further found that Keller used or exhibited a deadly weapon during

2

the commission of the crime. After finding the enhancement paragraphs listed in the indictment to be true, the jury sentenced Keller to incarceration in the Texas Department of Criminal Justice for a period of 28 years. Keller timely appealed.

## Issue One

In his first issue, Keller argues that the trial court erred in refusing his requested submission of jury instructions on two lesser-included offenses -- "fleeing or attempting to elude [a] police officer" and "reckless driving." *See* Tex. Transp. Code Ann. §§ 545.421, 545.401. Keller asserts that fleeing or attempting to elude a police officer and reckless driving are both lesser included offenses of evading arrest or detention and that a rational jury could have found him guilty of one of the lesser-included offenses.

## Standard of Review

We review a trial court's decision whether to incorporate a lesser-included offense in the jury charge under a two-step analysis. *See State v. Meru*, 414 S.W.3d 159, 162 (Tex. Crim. App. 2013); *see also Bullock v. State*, 509 S.W.3d 921, 924 (Tex. Crim. App. 2016) (citations omitted). In conducting this analysis, we ask whether the elements of the lesser offense are encompassed within the proof necessary to establish the elements of the charged offense and whether there is evidence in the record that could allow a jury to find the defendant guilty of only the lesser offense. *See Meru*, 414 S.W.3d at 162–63. "An offense is a lesser included

3

offense if [] it is established by proof of the same or less than all the facts required to establish the commission of the offense charged[.]" Tex. Code Crim. Proc. Ann. art. 37.09(1). "Both statutory elements and any descriptive averments [i.e., manner and means] alleged in the indictment for the greater-inclusive offense should be compared to the statutory elements of the lesser offense." *Ex parte Watson*, 306 S.W.3d 259, 273 (Tex. Crim. App. 2009). Expressed another way, when evaluating whether a defendant is entitled to a lesser-included offense in the jury charge, we compare the elements of the greater offense, as pleaded by the State in the indictment, with the statutory elements defining the lesser offense. *See Hall v. State*, 225 S.W.3d 524, 525 (Tex. Crim. App. 2007). This first step in our analysis does not depend on the evidence to be produced at trial. *See id*. at 535. Because the first step in the analysis is a question of law, we conduct a de novo review. *See Palmer v. State*, 471 S.W.3d 569, 570 (Tex. App.—Houston [1st Dist.] 2015, no pet.) (citing *Hall*, 225 S.W.3d at 535).

The second step requires that we determine whether evidence supports giving the instruction to the jury. *Hall*, 225 S.W.3d at 536. "The evidence must establish that the lesser-included offense is a valid, rational alternative to the charged offense." *Bullock*, 509 S.W.3d at 925 (citing *Rice v. State*, 333 S.W.3d 140, 145 (Tex. Crim. App. 2011)). In the second step of the analysis, we review the trial court's decision for an abuse of discretion. *Palmer*, 471 S.W.3d at 570 (citation omitted). We may

4

not consider whether the evidence is credible, controverted, or in conflict with other evidence. *Moore v. State*, 969 S.W.2d 4, 8 (Tex. Crim. App. 1998). "Any evidence that the defendant is guilty only of the lesser included offense is sufficient to entitle the defendant to a jury charge on the lesser included offense." *Id*. (citing *Bignall v. State*, 887 S.W.2d 21, 23 (Tex. Crim. App. 1994).

## Analysis

A person commits the offense of Evading Arrest or Detention with a Vehicle if "(a) . . . he intentionally flees from a person he knows is a peace officer . . . attempting lawfully to arrest or detain him." Tex. Penal Code Ann. § 38.04(a). "An offense under this section is a Class A misdemeanor, except that the offense is [] a state jail felony if [] the actor uses a vehicle . . . while the actor is in flight and the actor has not been previously convicted under this section[.]" *Id.* § 38.04(b)(1).

Section 545.421 of the Transportation Code defines the crime of Fleeing or Attempting to Elude Police Officer as:

> (a) A person commits an offense if the person operates a motor vehicle and wilfully fails or refuses to bring the vehicle to a stop or flees, or attempts to elude, a pursuing police vehicle when given a visual or audible signal to bring the vehicle to a stop.

> (b) A signal under this section that is given by a police officer pursuing a vehicle may be by hand, voice, emergency light, or siren. The officer giving the signal must be in uniform and prominently display the officer's badge of office. The officer's vehicle must bear the insignia of a law enforcement agency, regardless of whether the vehicle displays an emergency light.

(c) Except as provided by Subsection (d), an offense under this section is a Class B misdemeanor.

(d) An offense under this section is a Class A misdemeanor if the person, during the commission of the offense, recklessly engages in conduct that places another in imminent danger of serious bodily injury.

Tex. Transp. Code Ann. § 545.421.

### Section 545.421-Eluding

The first step of the lesser-included offense analysis requires us to determine if fleeing or attempting to elude a police officer is a lesser-included offense of evading arrest or detention with a vehicle as charged. We do not consider the evidence that was presented at trial; rather, we consider only the statutory elements of evading arrest or detention with a vehicle as they were modified by the particular allegations in the indictment: 1) the appellant 2) intentionally 3) fled from a police officer 4) attempting lawfully to arrest or detain appellant and 5) appellant used a vehicle while in flight. *See Rice*, 333 S.W.3d at 145 (citing *Hall*, 225 S.W.3d at 524).

We compare these with the elements of the lesser offense of fleeing or attempting to elude a police officer that could be included in that offense: 1) the appellant 2) operates a vehicle 3) wilfully 4) fails or refuses to bring the vehicle to a stop or flees, or attempts to elude 5) a pursuing police vehicle 6) after given a visual or audible signal and 7) the officer is in uniform and prominently displaying the officer's badge of office. *Id*.; *see also* Tex. Transp. Code Ann. § 545.421(a).

6

In *Peavey v. State*, 248 S.W.3d 455, 468–69 (Tex. App.—Austin 2008, pet. ref'd), the Austin Court of Appeals, after applying the *Hall* analysis, determined that fleeing or attempting to elude a police officer under section 545.421 of the Transportation Code is not a lesser-included offense of evading arrest or detention with a vehicle under section 38.04 of the Penal Code, because section 38.04 does not require that an officer signal to the defendant to stop or that the officer be in a vehicle when the violation occurs. *See id.* at 469; *see also* Tex. Penal Code § 38.04; Tex. Transp. Code Ann. § 545.421. After comparing the elements, the court of appeals noted that eluding requires proof of four elements not required for proof of evading arrest in a motor vehicle: 1) an officer's use of a visual or audible signal to stop; 2) pursuit by a marked police vehicle; 3) a police vehicle driven by a uniformed police officer; and 4) a police officer who was prominently displaying a badge. *See Peavey*, 248 S.W.3d at 468–69. Although in the trial under consideration before us, the State may have presented evidence at trial demonstrating that the police officer signaled to Keller and that the police officer was in a marked police vehicle, "[t]he fact that the State could and did present evidence in the prosecution of evading arrest under section 38.04 that also reflected the elements of the misdemeanor offense under section 545.421 does not mean that the State was required to do so. In fact, it was irrelevant." *Id.* at 469. The Court of Criminal Appeals affirmed the First Court of Appeals in its determination that the Transportation Code offense of fleeing or

7

attempting to elude a police officer is not a lesser-included offense of the Penal Code offense of evading detention by use of a motor vehicle. *See Farrakhan v. State*, 247 S.W.3d 720 (Tex. Crim. App. 2008) (explaining that the misdemeanor offense of fleeing is not a lesser-included offense of the felony offense of evading detention with a motor vehicle as charged in the case). Keller's request to add an instruction for 545.421 as a lesser-included offense fails the first prong of the *Hall* analysis. *See Hall*, 225 S.W.3d at 535; *see also* Tex. Transp. Code Ann. § 545.421. Therefore, the trial court did not err when it refused to include section 545.421 in its charge as a lesser-included offense. *See Hall*, 225 S.W.3d at 535.

**Section 545.401-Reckless Driving**

The offense of reckless driving requires a "driving" and a "reckless" element. Section 545.401 defines Reckless Driving as: "(a) [a] person commits an offense if the person drives a vehicle in wilful or wanton disregard for the safety of persons or property." *See* Tex. Transp. Code Ann. § 545.401(a).

We determine that the "driving" element of reckless driving is included in the facts required to establish evading arrest or detention with a vehicle in this case. *See Brown v. State*, 183 S.W.3d 728, 733 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd) (examining "driving" in the context of aggravated assault). Here, the "driving" element is encompassed in the indictment because the State sought to establish that Keller drove a vehicle in his attempt to flee from officers. *See id*. Thus, the State was

8

required to prove that Keller was driving a vehicle as an element of the evading arrest or detention with a vehicle charge.

However, the "reckless" element is not necessarily included in the facts required to establish evading arrest or detention with a vehicle in this case. While there is an intentional fleeing element necessary to be proven in the indictment, and there may have been evidence presented at trial that Keller was reckless in the manner he drove his vehicle while attempting to flee from officers, there is no express element of "recklessness" in the facts required to establish evading arrest or detention with a vehicle. *See* Tex. Penal Code Ann. § 38.04(a). Because we determine that reckless driving is not a lesser-included offense of evading arrest or detention with a vehicle in this case, we need not consider the second step of *Hall*. We overrule Keller's first issue as to both sub-issues.

## Second Issue

In his second issue, Keller argues that he received ineffective assistance of counsel, because his trial attorney failed to designate an expert regarding his mental stability. He argues that his attorney failed to give the State notice and did not subpoena the expert.

## Standard of Review

To establish a claim of ineffective assistance of counsel, the record before the reviewing court must show two things, (1) that the defendant's attorney performed

below an objective standard of reasonableness, and (2) that the defendant was prejudiced by the errors he relies on in his appeal to claim he received ineffective assistance of counsel during his trial. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). To establish he received ineffective assistance of counsel, the claim must be "'firmly founded in the record'" and "'the record must affirmatively demonstrate'" the meritorious nature of the claim. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (quoting *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999)). Generally, a defendant's direct appeal is usually inadequate, as the record is commonly underdeveloped. *See id.* For example, the defendant while in the trial court must give the trial attorney who represented him a chance to explain the conduct the defendant criticizes in the appeal since in the absence of such an opportunity the record will not be sufficient to allow the defendant to establish the assistance he received violated the standards of reasonable professional assistance. *Id.*

## Analysis

Here, the record shows Keller did not file a post-judgment motion, such as a motion for new trial. The only evidence before our Court regarding trial counsel's failure to designate expert witnesses is the exchange between Keller's trial counsel and the trial court. Keller's attorney provided the following explanation to the trial court as to why he had not subpoenaed an expert witness.

THE COURT: Now let's talk about your -- you want to call an expert?

[DEFENSE ATTORNEY]: Well, let me say this, first of all. I didn't know we would be done this quickly. I need to see -- I did subpoena some people. I need to see if they are even here, No. 1. No. 2, I do have some other people that I need to get here immediately. I told them it would probably be lunchtime. But obviously we are way ahead of schedule, and so –

THE COURT: We need them here now. You need to be ready to roll.

[DEFENSE ATTORNEY]: I know that.

THE COURT: And I just want to say for the record that aside from the notice issue, No. 1, I don't believe you gave proper notice to the State of any expert that you were going to try to call. And, No. 2, you haven't given me enough information for me to even formulate on whether or not it is relevant to any fact. Obviously -- let me just state on the record that Texas does not have a diminished capacity defense. It has an insanity defense and it has an incompetency issue, which has to be raised properly prior to trial. However, I am not usually in the business of preventing people from putting on a case. But you have to follow the rules. And if you didn't give them notice, then I have to kind of assess whether or not it is critical at this juncture to your case.

[DEFENSE ATTORNEY]: Yes.

THE COURT: For instance, if your client hears voices or sees things or has any type of -- you know, anything like that -- that I need to know about in order to make my decision, you kind of have not told me that. So if there is something else going on, you need to make me aware of it. Under 702 -- and I am going to cite Dooley versus State. It is a Fort Worth Court of Appeals case. It is from 2018, so I have a Westlaw number of 1095684. They talk about excluding experts under Kelly versus State. Also when to allow an expert to testify. As a sponsoring party, you are required to demonstrate by clear and convincing evidence that his testimony is based on a reliable foundation and is relevant to the issues in this case. And to be relevant, an expert's opinion must not only assist the trier of fact in understanding the evidence or determining

11

in fact an issue, but it also has to be sufficiently tied to the facts of the case. It has to be pertinent.

[DEFENSE ATTORNEY]: Yes.

THE COURT: So, you know, there is this huge big discussion about Jackson v. State, different things. Basically it said, "however, an expert's testimony to a defendant's intent or state of mind has been held admissible but it is very limited." And it talks about that. I haven't heard anything to suggest that this is -- No. 1, that the rules were followed; and No. 2, that it is relevant to a pertinent issue. So I am just letting you know that right now I do not feel as if you have reached that burden, that threshold.

Additionally, the record is void of any testimony that the expert witnesses were available to testify at that time. The Texas Court of Criminal Appeals has addressed this issue, explaining that "[c]ounsel's failure to call witnesses at the guilt-innocence and punishment stages is irrelevant absent a showing that such witnesses were available and appellant would benefit from their testimony." *King v. State*, 649 S.W.2d 42, 44 (Tex. Crim. App. 1983). As we have noted, the record does not indicate the expert witnesses' availability to testify, what their testimony would have consisted of, or benefit, if any, Keller would have received from their testimony. *See id.*; *Monreal v. State*, 546 S.W.3d 718, 723 (Tex. App.—San Antonio 2018, pet. ref'd). Because Keller failed to meet his burden of proving ineffective assistance, we overrule his second issue. *See Strickland,* 466 U.S. at 693 (explaining that, except for conflict-of-interest claims, "actual ineffectiveness claims alleging a deficiency

12

in attorney performance are subject to a general requirement that the defendant affirmatively prove prejudice.").

Having overruled Keller's issues on appeal, the trial court's judgment is affirmed.

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on January 28, 2021
Opinion Delivered June 9, 2021
Do Not Publish

Before Golemon, C.J., Kreger and Johnson, JJ.