**In The**
*Court of Appeals*
*Ninth District of Texas at Beaumont*
**NO. 09-23-00045-CR**

**JOSHUA MICHAEL SYKES, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 163rd District Court**
**Orange County, Texas**
**Trial Cause No. B220020-R**

**MEMORANDUM OPINION**

Appellant Joshua Michael Sykes was indicted for the offense of attempted capital murder, a first-degree felony. Tex. Penal Code Ann. §§ 19.03(a)(1), 15.01(a), (d). He was convicted of the lesser-included offense of aggravated assault against a public servant, also a first-degree felony, and sentenced to 50 years in the Institutional Division of the Texas Department of Criminal Justice. Tex. Penal Code Ann. § 22.02(b)(2)(B). Sykes appeals his conviction, contending that the trial court

1

erred in failing to submit a jury charge regarding the lesser-included offense of deadly conduct. Tex. Penal Code Ann. § 22.05(b)(2).

Because the trial court did not abuse its discretion in denying the requested charge, we affirm.

## Background

On the afternoon of April 1, 2020, on Highway 12 near Vidor, Mr. Sykes was moving about outside his trailer house carrying a rifle in the trailer park located on that road. At one point, he blocked the roadway and, when asked to move, told the driver of the vehicle that if the driver honked his horn at him one more time, he (Sykes) was going to shoot him. The driver, out of concern for people who lived at the trailer park, contacted 911 to report the man with the gun. Orange County Sheriff's Deputy John Ware responded to a report of a "suspicious person."[1] When Ware arrived at the location, an RV park in Vidor, Ware saw Sykes' trailer with the door partially open and a window open. As Ware proceeded past the trailer he noticed the door open wider. Ware reversed and pulled to a stop at an angle with his vehicle dash cam pointing directly at Sykes' trailer to wait for back-up. In the video shown to the jury, without objection, the door to the trailer suddenly closed and seconds later shots were fired through the wall of the trailer into Ware's vehicle. Sykes shot at Ware's marked patrol vehicle from inside his trailer, striking the front

_____

[1] By the time of trial, Ware had been promoted to the rank of detective.

2

of the vehicle. Ware immediately left the scene, and summoned assistance to a location across the street.

We summarize below the evidence relevant to Sykes' sole appellate argument.

## A. Officers' Testimony

Multiple officers joined Ware in a parking lot near the RV park where Sykes fired on Ware's vehicle. They described the steps leading to Sykes' arrest, recalling that Ware and crisis negotiators initially contacted Sykes with a remote-controlled robot with video and audio capability. During that interaction, Sykes expressed frustration with the government, and did not surrender. When efforts to de-escalate the situation proved unsuccessful, officers called in the tactical team, which negotiated with Sykes. After a period of time, Sykes exited his trailer and was taken into custody.

## B. Joshua Sykes' Testimony

Appellant Sykes testified that on the day of the offense, he intended to shoot himself because of what he perceived as "military sound waves" in his ear, but instead he shot through the wall of his trailer. He denied that he would ever hurt anyone except in self-defense, and further denied that he knew Ware was outside the trailer at the time he fired the weapon. Sykes denied that he shot at Ware's marked patrol vehicle. Sykes did, however, concede that he was reckless in firing the weapon

inside his trailer. According to Sykes, his social media references to killing people meant putting them on the right path, rather than ending their lives.

Sykes also testified that, among other things, he was the treasurer of the United States, that the Bush family stole his family's mineral interests, and that he was affiliated with both the F.B.I. and Seal Team Six.

## C. Requested Jury Instruction

At the close of evidence, Appellant requested his own lesser-included instruction under 22.05(b)(2) of the Penal Code in addition to the state's requested lesser-included instruction under 22.02(b)(2)(B) of the Penal Code:

> [DEFENSE COUNSEL]: Judge, I have a requested submission. We talked about it back in chambers. I felt like there was evidence; and after having been read back from Dianna, the court reporter, I felt that there was enough evidence elicited from Josh that -- that there should be an additional charge of reckless conduct.
>
> THE COURT: All right. And the court --
>
> [DEFENSE COUNSEL]: And, judge, just -- just to reiterate that, it states that a person knowingly discharges a firearm in the direction -- habitation, building, or vehicle and is reckless to whether the habitation or the veh -- veh -- building or vehicle is occupied. And I think that there -- there was enough testimony from Josh to follow those criteria for that to be included as a lesser included charge. And that's 22.05(b)(2) of the Texas Penal Code.

The requested submission was denied by the court.

4

**Standard of Review**

We review a trial court's decision whether to incorporate a lesser-included offense in the jury charge under a two-step analysis. *See State v. Meru*, 414 S.W.3d 159, 162 (Tex. Crim. App. 2013); *see also Bullock v. State*, 509 S.W.3d 921, 924 (Tex. Crim. App. 2016) (citations omitted). In conducting this analysis, we ask whether the elements of the lesser offense are encompassed within the proof necessary to establish the elements of the charged offense and whether there is evidence in the record that could allow a jury to find that, if the defendant is guilty, he is guilty of only the lesser offense. *See Meru*, 414 S.W.3d at 162-63; *Safian v. State*, 543 S.W.3d 216, 218-19 (Tex. Crim. App. 2018). "An offense is a lesser included offense if [] it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission[.]" Tex. Code Crim. Proc. Ann. art. 37.09(3). "Both statutory elements and any descriptive averments [i.e., manner and means] alleged in the indictment for the greater-inclusive offense should be compared to the statutory elements of the lesser offense." *Ex parte Watson*, 306 S.W.3d 259, 273 (Tex. Crim. App. 2009). Determining whether a defendant is entitled to have the jury instructed on a lesser-included offense requires the trial court to engage in a two-step process. *See Hatton v. State*, No. 09-17-00202-CR, 2019 Tex. App. LEXIS 800, *9 (Tex. App.—Beaumont Feb. 6, 2019, pet. ref'd) (mem. op., not designated for publication); and *see Safian*, 543 S.W.3d at 219-20. This first

step in our analysis does not depend on the evidence to be produced at trial. *See Safian*, 543 S.W.3d at 220. Because the first step in the analysis is a question of law, we conduct a de novo review. *See Palmer v. State*, 471 S.W.3d 569, 570 (Tex. App.—Houston [1st Dist.] 2015, no pet.) (citing *Hall v. State*, 225 S.W.3d 524, 535 (Tex. Crim. App. 2007)).

In the second step of the analysis, the evidence relevant to the lesser-included offense "must rise to a level that a rational jury could find that if [defendant] is guilty, he is guilty only of the lesser-included offense[]" and that "[m]eeting this threshold requires more than mere speculation—it requires affirmative evidence that both raises the lesser-included offense and rebuts or negates an element of the greater offense." *Cavazos v. State*, 382 S.W.3d 377, 385 (Tex. Crim. App. 2012). "The evidence must establish that the lesser-included offense is a valid, rational alternative to the charged offense." *Bullock*, 509 S.W.3d at 925 (citing *Rice v. State*, 333 S.W.3d 140, 145 (Tex. Crim. App. 2011)). In the second step of the analysis, we review the trial court's decision for an abuse of discretion. *Palmer*, 471 S.W.3d at 570 (citation omitted). We may not consider whether the evidence is credible, controverted, or in conflict with other evidence. *Moore v. State*, 969 S.W.2d 4, 8 (Tex. Crim. App. 1998). "Any evidence that the defendant is guilty only of the lesser included offense is sufficient to entitle the defendant to a jury charge on the lesser included offense." *Id.* (citing *Bignall v. State*, 887 S.W.2d 21, 23 (Tex. Crim. App. 1994). The Court of

Criminal Appeals has said that the guilty-only requirement is met if there is affirmative evidence of a factual dispute that raises the lesser offense *and rebuts or negates* other evidence establishing the greater offense. *Chavez v. State*, 666 S.W.3d 772, 776 (Tex. Crim. App. 2023) (citing *Roy v. State*, 509 S.W.3d 315, 319 (Tex. Crim. App. 2017)).

**Analysis**

As the State has acknowledged in its brief, deadly conduct may be a lesser-included offense of attempted capital murder. We therefore focus on the second step of the analysis.

The offense of deadly conduct may be committed in two ways: by "*recklessly* engag[ing] in conduct that places another in imminent danger of serious bodily injury[,]" or by "*knowingly* discharg[ing] a firearm at or in the direction of: (1) one or more individuals; or (2) a habitation, building, or vehicle and is *reckless* as to whether the habitation, building, or vehicle is occupied." Tex. Penal Code Ann. § 22.05(a), (b)(2) (emphasis added). An offense under § 22.05(a) is a Class A misdemeanor, while an offense under § 22.05(b)(2) is a third-degree felony. Tex. Penal Code Ann. § 22.05(e).

At trial, Sykes requested a jury charge on deadly conduct as defined in § 22.05(b)(2).[2] In support of his request, he quoted the relevant statutory language and contended that Sykes' testimony adequately showed that he was guilty of only deadly conduct as described in § 22.05(b)(2). Tex. Penal Code Ann. § 22.05(b)(2). The trial court disagreed and denied the request.

To commit deadly conduct under § 22.05(b)(2), Sykes needed to *knowingly* discharge a firearm in the direction of Ware's vehicle, while being *reckless* as to whether that vehicle was occupied. Tex. Penal Code Ann. § 22.05(b)(2). "Knowingly" is defined as awareness of the nature of his conduct, while "recklessly" is defined as awareness, but conscious disregard of, a substantial and unjustifiable risk that the circumstances exist or the result will occur. Tex. Penal Code Ann. § 6.03(b), (c). To constitute recklessness, "[t]he risk must be of such a nature and degree that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint." Tex. Penal Code Ann. § 6.03(c). Sykes testified that, at the time he shot his gun from inside the trailer, "I actually had intentions on shooting myself, but instead I shot the wall twice. . . . I knew there was nobody there."

---

[2] We agree with the State's assertion that Sykes did not request a lesser-included instruction under § 22.05(a) or (b)(1) and thereby waived any error as to those two provisions of the statute.

8

However, the jury heard evidence that Sykes was moving about outside his trailer house carrying a rifle in the trailer park on the date of the offense. At one point, he blocked the roadway and, when asked to move, told the driver of the vehicle that if the driver honked his horn at him one more time, he (Sykes) was going to shoot him. The driver contacted 911 to report the man with the gun. Orange County Sheriff's Deputy John Ware responded to a report of a "suspicious person." When Ware arrived at the location, he saw Sykes' trailer with the door partially open and a window open. As Ware proceeded past the trailer he noticed the door open wider. Ware reversed and pulled to a stop at an angle with his vehicle dash cam pointing directly at Sykes' trailer to wait for back-up. Then the door to the trailer suddenly closed and seconds later shots were fired through the wall of the trailer into Ware's vehicle. In addition to requiring the defensive evidence to show that Sykes was guilty of the lesser offense, and only the lesser offense, the evidence presented at trial must also have rebutted or negated the other evidence establishing the greater offense in order to require the lesser included offense requested. *See Chavez*, 666 S.W.3d at 776. In this case, the evidence of the greater offense of Aggravated Assault was not rebutted or negated. In fact, the evidence, including that provided by Sykes, showed that Sykes (1) threatened another with imminent bodily injury; (2) intentionally or knowingly fired his weapon toward the front of his trailer only after the officer pulled his vehicle in front of the trailer; (3) Sykes knew the person he threatened was a

9

peace officer because a marked patrol car was in front of his trailer; (4) who was lawfully discharging an official duty at that time; and (5) Sykes admitted using a firearm to shoot through the front of the trailer. It was established that Sykes' trailer was in the back left corner of the trailer park and his door was opened as the vehicle pulled up and parked in front of his trailer—before shutting quickly. No other persons were located in the trailer who could have shut the door with the patrol car sitting right outside the door except Sykes. This evidence does not rebut or negate other evidence establishing guilt of the greater offense. We conclude that the evidence presented to this jury did not raise a fact issue that would have allowed the jury to conclude that Sykes was guilty only of the lesser included offense of reckless conduct, if they concluded he was not guilty of attempted capital murder or aggravated assault. *See Chavez*, 666 S.W.3d at 776.

Accordingly, we hold that the trial court did not abuse its discretion when it denied Sykes' request that the jury be charged on the offense of deadly conduct under Tex. Penal Code Ann. § 22.05(b)(2).

We overrule Sykes' sole appellate argument.

## Conclusion

Because Appellant Sykes failed to show that he was entitled to the requested jury instruction on deadly conduct, we affirm the trial court's judgment.

AFFIRMED.

JAY WRIGHT<br>Justice

Submitted on March 14, 2024
Opinion Delivered April 3, 2024
Do Not Publish

Before Golemon, C.J., Horton and Wright, JJ.